Jones, Judge:
A contract was awarded to the claimant by the State Road Commission on April 28, 1960, for paving a segment of Interstate 77 in Jackson County, construction to begin within ten calendar days after the award and to be completed within 145 working days. The claimant immediately moved equipment and personnel onto the job, but was unable to start its paving operations. According to the claimant, the delay was entirely *166 the fault of the State Road Commission and other contractors employed by the State Road Commission who failed to prepare the sub-grade required for the commencement of paving operations. There appears to be no question that there was several months’ delay and the claimant was not permitted to withdraw its equipment, but the State Road Commission contends that much of the delay was due to the failure of the claimant to meet specifications for crushed rock to be used on the sub-grade. It appears from the evidence that the specifications were impossible of fulfillment, and after considerable delay, they were relaxed and altered. The total amount of the claim is $283,-825.56, of which $264,933.00 is for delay, $9,762.16 for an increase in the price of cement, $1,100.00 for additional stockpile rental, $2,000.00 for an office trailer, $4,104.40 for stabilizing and reconditioning base materials, and for other materials furnished at the request of the State Road Commission at a cost of $1,468.42. While Savage Construction Company was a nominal claimant in this case, there was no showing that it had any interest in the recovery sought.
At the completion of the claimant’s evidence, the parties requested a recess for the purpose of attempting to resolve the conflicts as to the time, quantities and costs involved in the claim. Thereafter, counsel for the parties announced that they had arrived at a settlement of their differences, and it was stipulated that the sum of $144,349.53 was justly due and owing to the claimant, being the sum of $134,081.70 for delay occasioned by the respondent and not the fault of the claimant, $9,717.83 for the increased expenditure for cement resulting from the delay, and $550.00 additional stockpile rental. All other claims were withdrawn or abandoned. The Attorney General of West Virginia concurred in the stipulation.
Upon consideration of the petition, the evidence adduced, the stipulation and statements of counsel, the Court is of the opinion that the claimant has presented a valid claim against the State of West Virginia within the jurisdiction of this Court, which in equity and good conscience should be paid, and, accordingly, it is the judgment of the Court that the claimant, Haynes Construction Company, should recover, and it is hereby awarded the sum of $144,349.53.